**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ROBERT WILEMAN,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-608-SLP** |
| | ) | |
| **STATE,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Robert Wileman, proceeding pro se, filed what purports to be a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 ("Petition").  Doc. 1.  Petitioner also filed what purports to be an Application for Leave to Proceed in Forma Pauperis ("Application").  Doc. 2.  United States Chief District Judge Scott L. Palk referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C).  For the reasons set forth below, the undersigned recommends that the Court dismiss the action without prejudice due to Petitioner's failure to follow the Court's order and rules.

I.    **Background and Discussion**

As neither the Petition nor the Application is comprehensible, on March 31, 2026, the Court explained to Petitioner that he needed to file an amended petition and amended application.  Doc. 5 at 1-2.  The Court additionally instructed that

the amended petition and amended application must be:

- completed in their entirety;

- completed using English words and only using numbers when appropriate; and

- signed by Petitioner using only his name.

Petitioner should not include on the forms irrelevant or extraneous words, symbols, drawings, or other writing.  Petitioner should not submit with the forms irrelevant or extraneous information or documents.

*Id.* at 1.  The Court ordered Petitioner to cure the deficiencies not later than April 21, 2026, and warned that "failure to cure these deficiencies will likely result in dismissal of this action." *Id.* at 3 (citation modified).

On April 13, 2026, Petitioner filed an unidentified and unintelligible document that did not comport with the Court's prior instructions.  Doc. 6.  It was unclear if Petitioner intended this document to act as an amended petition or motion.  Because the Court does not consider unidentified documents like this as pleadings or motions, the Court struck the document.  Doc. 7 at 1 (citing Fed. R. Civ. P. 7; LCvR7.1).  Additionally, given the potentially sensitive information referenced in the document, the Court sealed the filing. *Id.* at 2.

Petitioner has not otherwise attempted to comply with the order to cure as, of this date, he has not (1) filed an amended petition or (2) filed an amended application to proceed in forma pauperis.  Nor has he attempted to show good cause for his failure to comply or requested an extension of time in which to comply.

A court has the inherent authority to manage its own affairs and may dismiss an action if a litigant "fails to prosecute or to comply with [the rules of civil procedure] or a court order," Fed. R. Civ. P. 41(b).  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (interpreting Rule 41(b) to permit courts to dismiss actions sua sponte).  A litigant's failure to comply with court orders leaves a court unable "to achieve the orderly and

expeditious disposition of cases." *Id.* And Petitioner's pro se status does not exempt him from "follow[ing] the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (citation modified).

Petitioner's failure to comply with the Court's order and rules, combined with the Court's inherent power to manage judicial resources, warrants dismissal of this action without prejudice. *See U.S. ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) ("Dismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules." (citation modified)).

## II.      Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **DISMISS** this action without prejudice. Petitioner is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of Court not later than May 21, 2026. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 30th day of April, 2026.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE

3